UNITED STATED BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 22-45959

NATALIE DAVIS,  Chapter 7

           Debtor.  Judge Thomas J. Tucker
_____/

### ORDER GRANTING THE DEBTOR'S MOTION TO REOPEN CASE, *WITH CONDITIONS*, BUT DENYING THE DEBTOR'S REQUEST FOR A WAIVER OF THE FILING FEE FOR THE MOTION TO REOPEN

      This case is before the Court on the Debtor's motion, entitled "Corrected Ex-Parte Motion to Reopen to Accept Debtor Education Certificate; To Allow Debtor to File a Motion to Redeem Her Vehicle And to Waive Reopening Fee," filed February 7, 2023 (Docket # 37, the "Motion"). The Court finds that there is cause to reopen this case, subject to the terms of this Order, but that the Motion does not demonstrate sufficient cause to waive the filing fee for the motion to reopen.[1] The Court finds good cause to enter this Order.

      Accordingly,

      IT IS ORDERED that the Motion is granted, and this case is reopened, subject to the terms of this Order.

      IT IS FURTHER ORDERED that the Debtor's request for a waiver of the filing fee for the Motion is denied. **The Debtor must pay that filing fee no later than February 22, 2023**, or the Court may once again close this case without discharge.

      IT IS FURTHER ORDERED that the document entitled "Certificate of Debtor Education," filed on February 6, 2023 (Docket # 35), is deemed filed, even though it was filed while this case was still closed.

      IT IS FURTHER ORDERED that the reopening of this case is subject to the following conditions. The Court is reopening this case to permit the filing of the Personal Financial Management Course Certificate, and if the Debtor pays the filing fee for the Motion and is

---

[1] With respect to the filing fee, the Court notes the following. Although not required to do so, the Clerk's office filed a reminder to the Debtor and Debtor's counsel on September 16, 2022 (Docket # 29), that the Debtor still needed to file a certification about a financial management course. That notice included a reminder of the deadline for filing the certification, and a warning that this case would be closed without a discharge if such certification was not timely filed, and a warning that if such case closing occurred, the Debtor would have to pay the filing fee for filing a motion to reopen the case.

eligible for a discharge, the entry of a discharge order.  This Order does not authorize the Debtor to file a motion to redeem her vehicle.  Such a motion would be untimely if filed at this late date. Under 11 U.S.C. § 521(a)(2)(B), the deadline for the Debtor to file a motion to redeem her vehicle was 30 days after the first date set for the meeting of creditors.  In this case, that means that the deadline was October 14, 2022 (30 days after September 14, 2022).  Such statutory deadline can be extended for cause, but only if the Court enters an order extending the deadline before it expires.  *See* 11 U.S.C. § 521(a)(2)(B).  No such extension order was entered, nor was it timely requested.

**Signed on February 8, 2023**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**